432

George MATTER V, a minor, by his parents and guardians, George Matter IV and Josephine Matter, and George Matter IV and Josephine Matter, in their own right, and George Matter IV and Josephine Matter, his wife, Plaintiffs,

v.

Betty Jean JURGES, Defendant.

Civ. A. Nos. 66-1479, 66-1480.

United States District Court
W. D. Pennsylvania.

Nov. 18, 1968.

Second Memorandum Order
Dec. 20, 1968.

Price & Bercik, Oakdale, Pa., for plaintiffs.

Meyer, Darragh, Buckler, Bebenek & Eck, Pittsburgh, Pa., for defendant.

## MEMORANDUM ORDER

GOURLEY, Chief Judge.

In this civil jury proceeding arising out of an automobile accident, plaintiffs ask that the Court direct the defendant to advise the plaintiffs the amount of insurance coverage.

The Court conducted a full and complete hearing this date.

The plaintiffs are residents of the state of Colorado, and it can be well understood that at some time it will be necessary to divulge the amount of insurance coverage since the rights of a minor are involved. However, in the present posture of the case, liability has not been admitted and final pretrial consideration has not been given.

Now, therefore, this 18th day of November, 1968, Objections to Interrogatories filed by counsel for the defendant in reference to insurance are upheld and need not be answered. The Court reaffirms its position as stated in Rosenberger v. Vallejo, 30 F.R.D. 352 (W.D. Pa. 1962).

This Order is entered without prejudice to the right of plaintiff to file an application for reinstatement of the request for an order directing the amount of insurance coverage as to the defendant if and when circumstances change or justice requires or dictates.

The Court Reporter is directed to transcribe the hearing held this date at the joint expense of the parties and file the same of record in the office of the Clerk of Court.

## SECOND MEMORANDUM ORDER

The Court has conducted a full and complete pretrial hearing in connection with the above actions and has assigned the actions to the Master List to commence January 13, 1969.

At the time of pretrial hearing it appeared that it is not in dispute that the car of defendant was on plaintiff's side of the road at the time and place of the accident. When the Court made inquiry as to settlement possibilities, the answer was "good." Heretofore plaintiff asked for the name of the insurance company of the defendant and the amount of insurance coverage. Plaintiffs are residents of the State of Colorado.

In the preliminary stage of the proceedings the Court felt it improper to direct defendant to divulge the name of the insurance carrier and the amount of insurance, and entered an Order consistent therewith on the 18th day of November, 1968. It now appears to the Court that efficient administration of justice dictates that the defendant and his counsel divulge this information.

Now, therefore, this 20th day of December, 1968, defendant and/or his counsel are directed to advise plaintiff the name of the insurance carrier and the amount of insurance coverage on or before December 26, 1968.